

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

February 12, 2004

The Honorable Fred Hill
Chair, Committee on Local Government
   Ways and Means
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0148

Re: Whether recent amendments to section 11.13(*l*) of the Tax Code may be applied to restrict homestead exemptions for the 2003 tax year (RQ-0104-GA)

Dear Representative Hill:

You ask whether amendments to section 11.13(*l*) of the Tax Code enacted by the Seventy-eighth Legislature in House Bill 1223, *see* Act of May 28, 2003, 78th Leg., R.S., ch. 240, § 1, 2003 Tex. Gen. Laws 1100, 1100, may be applied to restrict homestead exemptions for the 2003 tax year.[1]

Section 11.13 of the Tax Code provides homeowners with various tax exemptions on the value of their residence homesteads. *See* TEX. TAX CODE ANN. § 11.13(a)-(d), (n)-(q) (Vernon Supp. 2004); *see also* TEX. CONST. art. VIII, § 1-b (authorizing residence homestead exemptions); TEX. TAX CODE ANN. § 11.13(j)(1) (Vernon Supp. 2004) (defining "residence homestead"); Tex. Att'y Gen. Op. No. JC-0415 (2001) at 4-5 ("principal residence" means primary residence that owner occupies on a regular basis). Before the House Bill 1223 amendments took effect, section 11.13(*l*) provided that a homestead exemption was not lost when an owner temporarily stopped occupying the home as his or her principal residence if the owner did not establish a different principal residence and intended to return.[2] Section 11.13(*l*), as amended by House Bill 1223, now imposes specific time limits for a temporary absence. An owner who temporarily stops occupying his or her principal residence is entitled to a homestead exemption only if the owner does not establish a different principal residence and the absence is:

---

[1]Letter from Honorable Fred Hill, Chair, Committee on Local Government Ways and Means, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (Sept. 11, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Prior to amendment, section 11.13(*l*) read in its entirety, "A qualified residential structure does not lose its character as a residence homestead when the owner who qualifies for the exemption temporarily stops occupying it as a principal residence if that owner does not establish a different principal residence and intends to return and occupy the structure as his principal residence." Act of May 26, 1979, 66th Leg., R.S., ch. 841, § 1, 1979 Tex. Gen. Laws 2217, 2236 (enacting Tax Code section 11.13(*l*)).

> (1) for a period of less than two years and the owner intends to return and occupy the structure as the owner's principal residence; or
>
> (2) caused by the owner's:
>
>> (A) military service outside of the United States as a member of the armed forces of the United States or of this state; or
>>
>> (B) residency in a facility that provides services related to health, infirmity, or aging.

TEX. TAX CODE ANN. § 11.13(*l*) (Vernon Supp. 2004). In short, to qualify as temporarily absent, an owner may not be absent for two years or more unless he or she is on active military duty outside the United States or is confined in an institution such as a nursing home or hospital.

House Bill 1223, having received the required two-thirds vote, became effective immediately upon signature on June 18, 2003. *See* Request Letter, *supra* note 1, at 1; Act of May 28, 2003, § 2, 2003 Tex. Gen. Laws at 1100. The question has arisen, however, whether its restriction on temporary absences applies to homestead exemptions for the 2003 tax year. *See* Request Letter, *supra* note 1, at 1.

As we understand the situation giving rise to your request, at least one tax appraisal district has taken the view that this restriction does apply to homestead exemptions for the 2003 tax year.[3] The bill's author describes this as a "retrospective application of the changes [H.B. 1223] made to the Property Tax Code," Madden Letter, *supra* note 3, and you ask whether applying the changes for the 2003 tax year is legitimate, *see* Request Letter, *supra* note 1, at 1.

Generally speaking, the status of property for the purpose of qualifying for tax exemptions is set on January 1 of the year in question. Section 11.42(a) of the Tax Code provides that, with limited exceptions not relevant to your question, "eligibility for and amount of an exemption authorized by this chapter for any tax year are determined by a claimant's qualifications on January 1." TEX. TAX CODE ANN. § 11.42(a) (Vernon Supp. 2004).

Applying the two-year restriction on temporary absence imposed by House Bill 1223 for the 2003 tax year would, as Representative Madden suggests, be retrospective. *See* Madden Letter, *supra* note 3. As of January 1, 2003, no such restriction formed part of the statute. In order to be eligible for a homestead exemption under the law as it existed on January 1 of the 2003 tax year, it was necessary only for the homeowner to have established no other permanent residence and to intend to return to the homestead. *See* Act of May 26, 1979, § 1, 1979 Tex. Gen. Laws at 2236 (enacting Tax Code section 11.13(*l*)).

---

[3]*See* Letter from Honorable Jerry A. Madden, Texas House of Representatives, to Honorable Fred Hill, Chair, Committee on Local Government Ways and Means, Texas House of Representatives (Sept. 11, 2003) (attachment to Request Letter) (on file with Opinion Committee) [hereinafter Madden Letter].

As a rule, retrospective application of statutes requires that such statutes expressly provide that they shall be retrospective. Section 311.022 of the Government Code states, "A statute is presumed to be prospective in its operation unless expressly made retrospective." TEX. GOV'T CODE ANN. § 311.022 (Vernon 1998). Nothing in the language of House Bill 1223 makes it retrospectively applicable to the 2003 tax year. *See* Act of May 28, 2003, § 1, 2003 Tex. Gen. Laws at 1100. Accordingly, exemptions for that year are governed, pursuant to section 11.42(a) of the Tax Code, by "a claimant's qualifications on January 1" of that year. TEX. TAX CODE ANN. § 11.42(a) (Vernon Supp. 2004). Such qualification, as of the relevant date, was not affected by House Bill 1223's two-year limitation on temporary absence from the homestead.

## S U M M A R Y

Amendments to section 11.13(*l*) of the Tax Code adopted pursuant to House Bill 1223, Seventy-eighth Legislature, Regular Session do not apply to homestead exemptions for the 2003 tax year.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee